IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DEMETRIA L. JAMES**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:11-CV-3037-L** |
| | § | |
| **RJM ACQUISITIONS, LLC**, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is the Motion to Dismiss for Failure to State a Claim on Which Relief May Be Granted (Doc. 10), filed by Defendant RJM Acquisitions, LLC ("RJM") on December 18, 2011. After carefully considering the motion, briefs, and applicable law, the court **denies** the Motion to Dismiss for Failure to State a Claim on Which Relief May Be Granted.

**I.   Background**

Plaintiff Demetria L. James ("Plaintiff" or "James") brought this action against RJM on November 4, 2011, alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*., and Federal Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. The sole basis for James's claims is that RJM allegedly obtained or accessed her consumer credit report in December 2010 and several times thereafter without a permissible reason for doing so. James contends that she reviewed copies of her report on or about October 18, 2011, and found unfamiliar entries by RJM that were unauthorized. James further asserts that she has no account or business relationship with RJM and has never expressed an interest in having an account or business

relationship with RJM.  James does not allege any facts to support her claim under the FDCPA; nor does she allege that she sustained damages as a result of RJM's allegedly accessing her credit report.  RJM moved for dismissal of James's claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.        Standard for Rule 12(b)(6) - Failure to State a Claim

To defeat a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008); *Guidry v. American Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007).  A claim meets the plausibility test "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted).  While a complaint need not contain detailed factual allegations, it must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 555 (citation omitted).  The "[f]actual allegations of [a complaint] must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (quotation marks, citations, and footnote omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff.  *Sonnier v. State Farm Mutual Auto. Ins. Co.,* 509 F. 3d 673, 675 (5th Cir. 2007); *Martin K. Eby Constr. Co. v. Dallas Area*

**Memorandum Opinion and Order – Page 2**

*Rapid Transit*, 369 F. 3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). In ruling on such a motion, the court cannot look beyond the pleadings. *Id.*; *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). The pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000). Likewise, "'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claims.'" *Id.* (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)).

The ultimate question in a Rule 12(b)(6) motion is whether the complaint states a valid claim when it is viewed in the light most favorable to the plaintiff. *Great Plains Trust Co. v. Morgan Stanley Dean Witter*, 313 F.3d 305, 312 (5th Cir. 2002). While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not "entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950 (citation omitted). Further, a court is not to strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted). The court does not evaluate the plaintiff's likelihood of success; instead, it only determines whether the plaintiff has pleaded a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004).

### III.   Analysis

RJM contends that on or about December 10, 2006, it purchased a portfolio of debts from Compass Bank that included an account of James. RJM cites to paragraph 8 of James's Complaint to support its assertion that it is the owner of the account in question. As the owner of the account,

**Memorandum Opinion and Order – Page 3**

RJM maintains that it had a right to collect on James's account and that collection on a debt is a permissible purpose under the FCRA for requesting James's credit report. James counters that the statutory definition of "account" does not include collection of a debt, and she denies having an account with RJM.

Contrary to RJM's assertion, James does not state in her Complaint that she has an account with RJM. Although RJM provided evidence in the form of an affidavit to show that it is the owner of James's account and requested her credit report for purposes of collecting on a debt, the court is limited to considering James's pleadings and attachments and cannot consider the affidavit for purposes of ruling on the motion to dismiss, unless it treats the motion "as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). The court declines to do so, and determines that the motion to dismiss should be denied.

### IV.  Conclusion

For the reasons herein explained, the court **denies** the Motion to Dismiss for Failure to State a Claim on Which Relief May Be Granted.

**It is so ordered** this 15th day of May, 2012.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge